UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROSENDO GARICA-NAVARRO,<br>a/k/a Truck Driver<br><br>Defendant. | 4:10-CR-40004-11-KES<br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE<br>FIRST STEP ACT |

Defendant, Rosendo Garcia-Navarro (Navarro), filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 1020. Plaintiff, the United States of America, opposes the motion. Docket 1022. For the following reasons, the court denies Navarro's motion for compassionate release.

**BACKGROUND**

The background of Navarro's case was set forth in the court's order dated February 8, 2021. Docket 988. To summarize, on July 16, 2012, the court sentenced Navarro to 230 months in custody. Docket 800 at 1-2. The court later reduced Navarro's sentence to 184 months in custody. Docket 878. Navarro is eligible for home confinement on September 27, 2023, and his current anticipated release date is March 27, 2024. Docket 1021 at 77. Navarro is currently incarcerated at FCI Sheridan, a medium security federal correctional institution with an adjacent minimum security satellite camp and a detention center. *See Find an inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last checked Aug. 17, 2022); *FCI Sheridan*,

Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/she/ (last checked Aug. 17, 2021). He is 54 years old. *Id.*

In support of his motion, Navarro cites his medical conditions and the COVID-19 pandemic as circumstances that warrant compassionate release. Docket 1020 at 4-12. The government opposes Navarro's motion, arguing that the court recently denied Navarro's initial motion for release, and he has failed to show "extraordinary and compelling reasons" for release now. Docket 1022 at 6.

On March 22, 2022, Navarro submitted an Inmate Request to Staff form to the warden of FCI Sheridan requesting compassionate release. Docket 1021 at 69. The request was received by the warden on March 30, 2022. *Id.* Since more than thirty days have passed since Navarro's request was submitted and hearing no objection from the United States, the court will review the matter on the merits.

## DISCUSSION

The court detailed the governing law and analysis it uses when confronted with a compassionate release motion in its order dated February 8, 2021. Docket 988 at 3-4. For current purposes, it is sufficient to note that because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). But Congress made changes to the law through the First Step Act (FSA), which permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. *See* Pub. L. No. 115-391, § 603(b)(1) 132 Stat. 5194, 5239 (2018). Compassionate release provides a

2

narrow path for defendants with "extraordinary and compelling reasons" to leave custody early. 18 U.S.C. § 3582(c)(1)(A)(i). When considering whether to grant a motion for compassionate release the court must consider the § 3553(a) sentencing factors and the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The court reiterates that the COVID-19 pandemic alone is insufficient to warrant early release. The BOP has made significant changes to its correctional operations since the pandemic started in early 2020. *See COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 17, 2022). These changes include sanitary and safety measures, restrictions on movement, and visitation restrictions, among others. *See COVID-19 Modified Operations Plan & Matrix*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp . The BOP has also transferred many thousands of inmates to home confinement. *See id*. Since March 26, 2020, 46,074 inmates have been placed in home confinement. *Id.* These measures have led to a dramatic decrease in the total BOP population, which in turn has increased opportunities for social distancing and reduced the strain on BOP resources.

The BOP's vaccination program for staff and inmates is another protective measure warranting consideration in this stage of the COVID-19 pandemic. The BOP has implemented a COVID-19 vaccination plan to protect inmates and staff and limit the transmission of COVID-19 within the facilities.

3

*See id.* As of August 17, 2022, 327,269 doses have been administered systemwide. *Id.* At FCI Sheridan, 224 staff and 1780 inmates were fully inoculated as of Aug. 17, 2022. *Id.*

On June 9, 2021, Navarro received his first dose of the Moderna COVID-19 vaccine and received his second dose of the same vaccine on July 7, 2021. Docket 1021 at 35. Navarro received his Moderna COVID-19 booster shot on March 9, 2022, affording him additional protection against serious illness. *Id.* at 66. Navarro claims that the COVID-19 vaccine will not benefit people who are obese, however his medical records show that Navarro is overweight, not obese. Docket 1020 at 4; Docket 1021 at 2.[1] Even if Navarro was obese, the protection provided by COVID-19 vaccines against serious illness is undoubtedly present across all BMI categories in comparison to those who are not vaccinated. *See Impact of BMI on COVID-19 vaccine effectiveness*, THE LANCET Diabetes & Endocrinology (Jun. 30, 2022), https://www.thelancet.com/journals/landia/article/PIIS2213-8587(22)00170-X/fulltext . Hence, the court finds that COVID-19 vaccines are effective, and Navarro is adequately protected against COVID-19 by being vaccinated.

Moreover, FCI Sheridan is engaged in appropriate efforts to protect inmates against the spread of COVID-19, and the court believes the facility would act to treat any inmate who does contract COVID-19. The fact that FCI

---

[1] Navarro's latest BMI calculation was a 26.9, classifying him as overweight. Docket 1021 at 2. The CDC states that a BMI within the 25.0 to <30 range falls within the overweight range. *See Defining Adult Overweight & Obesity*, Ctrs. for Disease Control and Prevention (Jun. 3, 2022), https://www.cdc.gov/obesity/basics/adult-defining.html .

Sheridan had a COVID-19 outbreak does not negate such conclusions. The data for FCI Sheridan shows a COVID-19 outbreak that was ultimately contained. *See COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Aug. 17, 2022). There were two deaths as a result, and 485 inmates have recovered. *Id.* This persuades the court that FCI Sheridan has acted appropriately to treat inmates who do contract COVID-19. The court believes the facility will continue to appropriately treat inmates who do so.

Turning to Navarro's motion and his medical records, the court is not convinced a sentence reduction is warranted. Navarro reasserts his prior medical conditions, but his health has not changed significantly since the court's prior order denying his motion for compassionate release. Docket 1020 at 2, 4-12. *See generally* Docket 1021; Docket 988. His medical records show that he is diagnosed with hypertension and is prescribed lisinopril. Docket 1021 at 30, 39. His blood pressure is being monitored. *Id.* at 23. At a clinical appointment, he did not inform his provider of any issues pertaining to his hypertension. *Id.* at 4.

As of May 28, 2021, Navarro had a BMI of 26.9, which classifies him as overweight. *Id.* at 2. He has been counseled on implementing a low-fat diet and was encouraged to exercise regularly while in custody. *Id.* at 3. Furthermore, Navarro was diagnosed with skin cancer in 2015 and a mole was removed thereafter. Docket 973 at 42; Docket 970 at 138. The records submitted to the court on May 27, 2022, do not list any active treatments for skin cancer. Docket 1021. Navarro had a positive PPD test in 2019 and an

5

additional positive reading on May 3, 2021 for tuberculosis. *Id.* at 4, 8. The court reasserts that tuberculosis alone does not amount to extraordinary and compelling reasons. *See United States v. Beall*, 4:15-CR-40080-01 KES, Docket 178, 7-9 (D.S.D. Apr. 22, 2022), *United States of America v. Viengxay Chantharath*, 4:10-CR-40004-01 KES, Docket 1008 (D.S.D. Apr. 21, 2021), 10, 12. In sum, Navarro's health conditions seem to be resolved, or at the very least, controlled with the assistance of his medical providers. *Id.* at 4-5, 30, 62. Navarro has not shown how his active conditions prevent him from providing self-care in a correctional facility setting or how they amount to extraordinary and compelling circumstances. In addition, the court's evaluation of the 3553(a) factors has not changed over the intervening months since Navarro's prior motion was denied.

## CONCLUSION

Navarro has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's second motion for compassionate release under the First Step Act (Docket 1020) is denied.

Dated August 17, 2022.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE